UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Lee Bradley, | Case No. 4:22-cv-01244-TLW |
| PLAINTIFF | |
| v. | |
| R.J. Reynolds Tobacco Company, Inc.; Brown & Williamson Tobacco Corporation; The American Tobacco Company, Lorillard Tobacco Company and Phillip Morris USA, Inc., | **ORDER** |
| DEFENDANTS | |

Plaintiff Henry Lee Bradley, proceeding *pro se*, brings this civil action

against the above-named defendants for alleged injuries resulting from over thirty

years of tobacco use. ECF No. 1. In response to his complaint, Defendant R.J.

Reynolds Tobacco Company, Inc.,[1] ("Reynolds") filed a motion to dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims are

either preempted by federal law, barred by the applicable statute of limitations, or

fail to state a cognizable claim upon which relief may be granted. ECF No. 21.

Plaintiff's complaint and Reynolds' motion to dismiss were referred to the

Honorable Thomas E. Rogers, III, United States Magistrate Judge, for review

---

[1] The Report outlines the corporate relationships of the defendant tobacco companies (collectively, "Defendants"). Defendant R.J. Reynolds Tobacco Company brought its motion to dismiss on behalf of itself, individually, and as successor-by-merger to Defendant Lorillard Tobacco Company and as successor-in-interest to the U.S. tobacco business of Defendant Brown & Williamson Tobacco Corporation. ECF No. 28 at 12 n. 1. Further, as acknowledged in Plaintiff's complaint, Defendant The American Tobacco Company "merged" with Defendant Brown & Williamson Tobacco Corporation. ECF No. 1 at 11. The Court will collectively refer to these Defendants as the "Reynolds Defendants." Regarding Defendant Phillip Morris USA, Inc., there is no evidence in the record that it has been served in this action.

pursuant to 28 U.S.C. § 36b(b)(1)(B). On July 26, 2023, the Magistrate Judge issued a report and recommendation ("Report") recommending that this Court grant Reynold's motion to dismiss, dismiss the Reynolds Defendants, and dismiss Defendant Phillip Morris USA for lack of service. ECF No. 33 at 12. Plaintiff filed objections to the Report to which Reynolds has now replied. ECF Nos. 35 & 37. Accordingly, this matter is ripe for review, adjudication, and disposition.

## BACKGROUND

Plaintiff's complaint asserts that he first started at the age of fifteen in 1972—fifty-one years ago—after seeing actors and actresses smoking various tobacco products. ECF No. 28 at 2. Plaintiff asserts that he quit smoking in the year 2000. *Id.* Despite his long history of tobacco use, Plaintiff alleges that he was unaware of the health risks associated with smoking until October 10, 2021, when he read an article discussing tobacco advertising. *Id.* Plaintiff asserts that in the intervening years between when he first started smoking in 1972 and when he became aware of the health risks related to smoking in 2021, that Defendants knew their tobacco products were harmful and caused various health hazards to smokers like Plaintiff. *Id.* Despite knowing this, Plaintiff alleges that the Defendants took affirmative steps to conceal the hazards of smoking from the public, as illustrated by various false advertisements and/or false statements made by Defendants from 1951 to 2004. *Id.*

Plaintiff asserts that he has suffered and sustained damages for more than forty years as a result of smoking. *Id.* These damages included: shortness of breath,

phlegm increase, wheezing, chronic coughing, periodontal tooth loss, heart skipping, lung infection, poor blurry vision, difficulty breathing, chronic sinusitis, throat irritation, throat scratching, difficulty swallowing food, headaches, anxiety, fatigue, discomfort, fear of contracting cancer, disappointment, frustration, embarrassment, inconvenience, humiliation, loss of enjoyment of life, taking life-time medication, and weight loss. *Id.*

As a result of these alleged damages, Plaintiff filed suit against the Defndant tobacco companies. ECF No. 1. His complaint asserts causes of action for (1) intentional fraud, (2) intentional fraudulent misrepresentation, (3) intentional fraud in the inducement, (4) civil conspiracy to commit fraud and concealment, (5) negligent failure to warn, (6) negligence/gross negligence, and (7) radio, television, and wire communication fraud. *Id.* As noted, Reynolds filed a motion to dismiss, asserting that Plaintiff's claims are either preempted by federal law, barred by the applicable statute of limitations, or fail to state a cognizable claim upon which relief may be granted. ECF No. 21.

## THE REPORT

In his Report, the Magistrate Judge examined the allegations in Plaintiff's complaint and the arguments in Reynolds' motion to dismiss in accordance with Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure so as to evaluate whether Plaintiff's complaint states a claim for which relief can be granted. ECF No. 28 at 3; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In doing so, the Magistrate Judge's Report

recommends that Reynold's motion to dismiss be granted and the claims against Defendant Phillip Morris USA, Inc., be dismissed for lack of service. *Id.* at 12. The Court will explain the Magistrate Judge's recommendation in detail.

The Magistrate Judge's Report first addresses Reynolds' argument that Plaintiff's negligence claims are preempted to the extent they are based on any alleged failure to warn on the part of the Defendant tobacco companies. *Id.* at 3. In doing so, the Report finds that Plaintiff's failure to warn claim is subject to dismissal because it is preempted by The Public Health Cigarette Smoking Act of 1969. *Id.* at 4. This Act preempts state law failure to warn claims—like Plaintiff's—which arise out of the advertising or marketing of cigarettes. *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 524 (1992)); *see also Waterhouse v. R.J. Reynolds Tobacco Co.*, 162 F. App'x 231, 233 n.* (4th Cir. 2006) (noting that the district court dismissed the plaintiff's failure to warn claim pursuant to Rule 12(b)(6) because it was preempted by the Act).

The Report next considers Reynolds' argument that Plaintiff's state law claims are barred by the applicable South Carolina statute of limitations. *Id.* The Magistrate Judge notes that, while statute of limitations defenses are not ordinarily considered in the context of a motion to dismiss, they may be considered when it appears on the face of the complaint that the limitations period has run. *Id.* at 4–5 (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)). The Report concludes that, based on the factual allegations contained in Plaintiff's complaint, Reynolds' statute of limitations argument is proper for evaluation at the motion to

dismiss stage.

Accordingly, the Magistrate Judge notes that the statute of limitations for personal injury claims based on fraud or negligence in South Carolina is three years. *Id.* (citing S.C. Code Ann. § 15–3–530(5), (7)). Yet, pursuant to the "discovery rule," the limitations period does not begin to run until the Plaintiff knows or should have known through the exercise of "reasonable diligence" that he had a cause of action. *Id.* (citations omitted). The application of this "reasonable diligence" standard, moreover, is objective, rather than subjective. *Id.* at 6.

In applying this standard and the discovery rule to the allegations in Plaintiff's complaint, the Magistrate Judge finds that Plaintiff's claims are barred by the statute of limitations. *Id.* at 8. This finding is based on the fact that, despite Plaintiff's subjective assertion that he was not aware of the dangers of smoking until October 2021, the risks of tobacco were known to the objective, ordinary consumer decades before October 2021. *Id.* at 8–9 (citing *Little v. Brown & Williamson Tobacco Corp.*, 243 F. Supp. 2d 480, 494 (D.S.C. 2001) (noting that, at *least by 1988* "all the risks associated with cigarette smoking were known to the ordinary consumer with ordinary knowledge common to the community.")). Similarly, the Report concludes that the running of the statute of limitations is not excused by either the doctrines of equitable estoppel or fraudulent concealment. *Id.* at 9.

Reynolds next asserts that Plaintiff's complaint is subject to dismissal for failure to state a claim for wire fraud and fraud. The Report first finds that

Plaintiff's claim for wire fraud is subject to dismissal because there is no private right of action to pursue this claim. *Id.* (citing *Tribble v. Reedy*, 888 F.2d 1387, *1 (4th Cir. 1989)). Second, the Report concludes that Plaintiff has failed to plead his claim for fraud "with particularity [of] the circumstances constituting fraud" as required by Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* Specifically, the Magistrate Judge concludes that Plaintiff's fraud claims do not meet the heightened pleading requirement established by both Rule 9(b) and the applicable nine-element pleading requirement for alleging a fraud claim under South Carolina law. *Id.* Instead, Plaintiff's fraud claims "are conclusory and mostly just repeat the elements of those causes of action while incorporating his previous allegations in the Complaint." *Id.* Accordingly, the Report concludes that, even if Plaintiff's fraud claims were not outside of the statute of limitations, they would still be subject to dismissal.

Finally, the Magistrate Judge notes that there is no evidence in the record that Defendant Phillip Morris USA, Inc., was served. *Id.* at 12. The Report therefore recommends dismissing Plaintiff's claims against it pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Id.*; Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant [.]"). Additionally, the Report concludes that, even if Defendant Phillip Morris USA, Inc., had been served, Plaintiff's claims against it would still be subject to dismissal for the same reasons as those brought against the Reynolds

Defendants. *Id.*

## PLAINTIFF'S OBJECTIONS

Plaintiff filed objections to the Report. ECF No. 35. His first objection asserts

that the Magistrate Judge erred in the Report by stating that "Plaintiff had suffered

and sustained damages for 40 years" as a result of smoking because Plaintiff never

made that assertion. *Id.* at 2. His second objection argues that the Report erred in

finding that his claims were barred by the statute of limitations. *Id.* at 2–5. Next,

Plaintiff objects to the Report's conclusion that the running of the statute of

limitations cannot be excused by either the doctrines of equitable estoppel or

fraudulent concealment. *Id.* at 5–8. Finally, Plaintiff requests that the Court allow

him to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil

Procedure to allow him to delete his wire fraud claim. *Id.* at 8–9.

## STANDARD OF REVIEW

The Court is charged with a *de novo* review of any portion of the Magistrate

Judge's Report to which a specific objection is registered, and may accept, reject, or

modify, in whole or in part, the recommendations contained in that report. 28

U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to
> which any party may file written objections.... The Court is not bound
> by the recommendation of the magistrate judge but, instead, retains
> responsibility for the final determination. The Court is required to
> make a *de novo* determination of those portions of the report or
> specified findings or recommendation as to which an objection is made.
> However, the Court is not required to review, under a *de novo* or any
> other standard, the factual or legal conclusions of the magistrate judge
> as to those portions of the report and recommendation to which no
> objections are addressed. While the level of scrutiny entailed by the

Page **7** of **14**

Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

The Court has carefully reviewed both the record and the Report. In doing so, it concludes, for the reasons outlined below, that the Magistrate Judge correctly found that Plaintiff's complaint is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's first objection is contradicted by the text of his complaint, which explicitly states, "Plaintiff has suffered, and sustained damages for over more than 40 (forty) years [.]" ECF No. 1 at 46. Based on this assertion, Plaintiff's first objection is overruled.

Plaintiff's second objection argues the Magistrate Judge erred in finding that his claims are barred by the running of the applicable statute of limitations. In support of this argument, he asserts that the running of the statute of limitations is excused by the discovery rule. More specifically, "Plaintiff affirmatively states that, during his time of smoking, that he was ignorant, that he had a cause of action against each Defendants, until he (Plaintiff herein), affirmatively discovered, the facts on/or about, October 10, 2020 [.]" ECF No. 25 at 2 (internal quotation marks removed). Furthermore, Plaintiff "affirmative [sic] asserts that, he at such times were [sic] 'ignorant' and 'unaware of' having any causes of action against each

Defendants herein." *Id.* at 3. Thus, Plaintiff objects to the Magistrate Judge's finding because the running of the statute of limitations was stayed by the discovery rule.

The Court is not persuaded by this argument. As stated by the Magistrate Judge, the discovery rule "standard as to when the limitations period begins to run is *objective* rather than subjective.'" *Sutherland v. R.J. Reynolds Tobacco Co., Inc.*, No. 6:21-CV-00671-TMC, 2022 WL 391578, at *6 (D.S.C. Feb. 9, 2022) (emphasis in original). More pointedly,

> In other words, whether the particular plaintiff *actually* knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist.

*Id.* (quoting *Majstorich v. Gardner*, 361 S.C. 513, 520, 604 S.E.2d 728, 732 (S.C. Ct. App. 2004)) (emphasis in original). Thus, "the statutory period of limitations begins to run when a person *could or should have known*, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto." *Burgess v. Am. Cancer Soc., S.C. Div., Inc.*, 300 S.C. 182, 186, 386 S.E.2d 798, 800 (S.C. Ct. App. 1989) (emphasis in original). Accordingly, "courts typically focus on the *date of injury* as a starting point to determine when a plaintiff could or should have known he had a cause of action to start the statute of limitations clock." *Sutherland*, 2022 WL 391578, at *6 (emphasis in original). "[T]he fact that the injured party may not comprehend the full extent of the damage is

immaterial." *Id.* (citations omitted).

Here, the Court finds that the only reasonable inference that can be drawn from the allegations in Plaintiff's complaint is that Plaintiff could have or should have known of the existence of his claims long before October 2021. In focusing on the date of his injuries, the Court notes Plaintiff's allegation in his complaint that he "has suffered and sustained damages for over more than 40 (forty) years[.]" ECF No. 46 at 1. Clearly, "the facts and circumstances of [Plaintiff's] injury would [have] put a person of common knowledge and experience on notice" that his forty years of "suffering and sustained damages" may have been caused by his smoking such that a cause of action against Defendants might exist. *Little*, 243 F. Supp. 2d at 486. As noted above, "the discovery rule does not require absolute certainty that a cause of action exists before the statute of limitations begins to run." *Sutherland*, 2022 WL 391578, at *7 (cleaned up). "Thus, even though the Court is required to accept the well-pleaded allegations in Plaintiff's complaint as true at this stage, his allegation that he was unaware of Defendants' alleged negligence, fraud, and misconduct until [he read about it in October 2021,] is entirely irrelevant because the discovery rule hinges not on when Plaintiff *himself* realized the existence of his claims, but when a person of common knowledge exercising reasonable diligence *could have done so.*" *Id.* (emphasis in original).

The Court has considered Plaintiff's assertions that he was "ignorant" and "unaware" of having a cause of action against Defendants and concludes these subjective arguments provide no basis to reject the Report's finding that his claims

are barred by the statute of limitations. Afterall, "a party cannot escape the application of this [discovery] rule by claiming ignorance of existing facts and circumstances" because the application of the rule is objective, *i.e.*, based on the facts and circumstances which could have been known to the party through the exercise of reasonable diligence, rather than based on the party's subjective knowledge or lack thereof. *Id.* (quoting *Burgess*, 300 S.C. at 185, 386 S.E.2d at 799). Accordingly, the Court concludes that the Magistrate Judge correctly found that the statute of limitations on Plaintiff's claims expired long before Plaintiff initiated this action in 2022.

Plaintiff's third objection asserts the Report erred in concluding the running of the statute of limitations is not excused by either the doctrines of equitable estoppel or fraudulent concealment. Plaintiff argues "that the Court should 'invoke' both equitable estoppel and fraudulent concealment doctrine against each Defendants [.]" ECF No. 35 at 7. Here, the Court finds that the Magistrate Judge properly concluded that those doctrines are inapplicable here.

First, the Court will address the doctrine of equitable estoppel. As noted in the Report, "[t]he doctrine of equitable estoppel provides that '[a] defendant may be estopped from claiming the statute of limitations as a defense if delay in bringing the action was induced by the defendant's conduct.'" ECF No. 28 at 9 (quoting *Am. Legion Post 15 v. Horry Cty.*, 381 S.C. 576, 584, 674 S.E.2d 181, 185 (S.C. Ct. App. 2009)). The defendant's inducements must either consist "of an express representation that the claim will be settled without litigation or conduct that

suggests a lawsuit is not necessary." *Id.* (quoting *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (S.C. 1997)). Here, Plaintiff asserts that the Defendants "took further steps and unreasonable measures to prevent the American members of the public from knowing the truth [.]" ECF No. 35 at 5. Plaintiff does not assert any *express* representation made by the Defendants to him, which would induce him to delay filing this action. There is no allegation that Defendants represented to Plaintiff that his claims would be settled without litigation or that they engaged in conduct which expressly represented to Plaintiff that pursuing his claims in this action would be unnecessary. Accordingly, the Court concludes that the doctrine of equitable estoppel does not apply.

Plaintiff also argues that the Magistrate Judge erred in concluding that the doctrine of fraudulent concealment does not apply here. "Fraudulent concealment applies when a defendant engages in '[d]eliberate acts of deception ... calculated to conceal from a potential plaintiff that he has a cause of action [.]'" ECF No. 28 at 9 (quoting *Doe v. Bishop of Charleston*, 407 S.C. 128, 140, 754 S.E.2d 494, 500–01 (S.C. 2014)). As noted in the Report, Plaintiff's complaint alleges numerous acts of purported concealment by the Defendants over the years, yet all of these alleged acts occurred between 1951 and 2004. *Id.* Plaintiff's complaint makes no allegation of fraudulent concealment after 2004. Accordingly, even if the Court applied the doctrine of fraudulent concealment and tolled the applicable statute of limitations, such tolling would have ended in 2004, and the statute of limitations on Plaintiff's claims would have expired *fifteen years before* he filed the present action.

Accordingly, the Court concludes that the doctrine of fraudulent concealment—even if applicable—provides to basis to reject the Magistrate Judge's recommendation. The Court therefore overrules Plaintiff's third objection.

Plaintiff's fourth objection requests permission to amend his complaint to remove his cause of action for wire fraud in light of the Report's analysis of that claim. Because the Court intends to accept the Report and grant Reynolds' motion to dismiss, it concludes that there is no basis to allow Plaintiff to amend his complaint to remove a claim that it intends to dismiss. Any amendment would be fruitless and would not change the conclusions here. Therefore, this objection is overruled and Plaintiff's request to amend his complaint to remove his wire fraud claim is denied.

## CONCLUSION

In summary, the Magistrate Judge's Report thoroughly analyzed Plaintiff's claims in accordance with the applicable legal standards for evaluating a motion to dismiss. In applying these standards, the Magistrate Judge concludes Plaintiff's claims are subject to dismissal for the reasons stated herein. Accordingly, his Report recommends granting Reynolds' motion to dismiss.

The Court has reviewed the Report in detail, and, after careful consideration, concludes that Plaintiff's objections offer no showing, either factually or legally, that the claims against Defendants should not be dismissed for the reasons set forth by the Magistrate Judge. Therefore, the Report, ECF No. 28, is **ACCEPTED**, and the Plaintiff's objections, ECF No. 35, are **OVERRULED**. For the reasons stated in the

Report, Reynolds' motion to dismiss, ECF No. 21, is **GRANTED**. The Reynolds Defendants are **DISMISSED** from this action. Further, because there is no evidence that Defendant Phillip Morris USA, Inc., was served in this action, the claims against it are **DISMISSED** pursuant to Rule 4(m). Thus, because there are no remaining Defendants, this case is **DISMISSED** in its entirety for the reasons stated herein.

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Senior United States District Judge

September 20, 2023
Columbia, South Carolina